**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| U.S. SECURITIES & EXCHANGE COMMISSION, agent of Timothy S. McCole,<br><br>       Plaintiff - Appellee,<br><br>  v.<br><br>BELLWETHER VENTURE CAPITAL FUND I, INC.; STRATEGY PARTNERS, LLC,<br><br>       Defendants,<br><br>  and<br><br>OMAR A. RIZVI,<br><br>       Defendant - Appellant. | No. 12-56753<br><br>D.C. No. 8:10-cv-01632-JVS-FFM<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

---

     \*    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted June 22, 2015[]

Before:      HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

Suspended California attorney Omar A. Rizvi appeals pro se from the district court's summary judgment in the Securities & Exchange Commission's ("SEC") civil enforcement action alleging that Rizvi violated various federal securities laws.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo, *SEC v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1085 (9th Cir. 2010), and we affirm.

The district court properly granted summary judgment against Rizvi on the SEC's claims under §§ 5(a), (c) of the Securities Act of 1933 ("Securities Act") because Rizvi failed to rebut the SEC's evidence that Rizvi sold or offered for sale securities without prior registration with the SEC, and no exemption from registration applied.  *See* 15 U.S.C. §§ 77e(a), (c) (prohibiting the offer or sale of an unregistered security in interstate commerce); *SEC v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1255 (9th Cir. 2013) (elements of a prima facie case for a violation of § 5); *SEC v. Murphy*, 626 F.2d 633, 645-46 (9th Cir. 1980) (concluding that offerings of limited partnership sales should be integrated for the purposes of

---

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Accordingly, Rizvi's request for oral argument, set forth in his reply brief, is denied.

determining whether the offering was exempt from registration).

The district court properly granted summary judgment on the SEC's claims under §§ 17(a)(2), (3) of the Securities Act because Rizvi failed to rebut the SEC's evidence that he negligently misrepresented material information concerning Bellwether Venture Capital Fund I, Inc.'s election to operate as a business development company. *See* 15 U.S.C. § 77q(a)(2-3) (prohibiting material misstatements and practices that would operate as a fraud or deceit upon the investor in connection with the offer or sale of any securities in interstate commerce); *SEC v. Phan*, 500 F.3d 895, 908 (9th Cir. 2007) (establishing a violation of §§ 17(a)(2) and (3) requires a showing of negligence).

The district court properly granted summary judgment on the SEC's claims under § 17(a)(1) of the Securities Act, §10(b) and Rule 10b-5 of the Securities Exchange Act of 1934 ("Securities Exchange Act") because Rizvi failed to rebut the SEC's evidence that he recklessly misrepresented the composition of the management board of Strategy Partners, LLC in an offering circular. *See* 15 U.S.C. § 77q(a)(1) (prohibiting a person in the offer or sale of a security "to employ any device, scheme, or artifice to defraud"); 15 U.S.C. § 78j(b) (prohibiting any deceptive practice in connection with the purchase or sale of any security); 17 C.F.R. § 240.10b-5(b) (prohibiting material misrepresentations in

connection with the purchase or sale of a security); *Phan*, 500 F.3d at 907-08 (elements of § 17(a), § 10(b), and Rule 10b-5 violations); *see also Gebhart v. SEC*, 595 F.3d 1034, 1041-42 (9th Cir. 2010) (scienter requirement of § 10(b) and Rule 10b-5 may be established by "recklessness," which is "an extreme departure from the standards of ordinary care, . . . which presents a danger of misleading buyers or sellers that is either known to the defendant or is so obvious that the actor must have been aware of it" (citation and internal quotation marks omitted)).

We do not consider issues or arguments not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Rizvi's motion to file a late reply brief, filed on April 15, 2014, is granted. The Clerk shall file the reply brief received on April 15, 2014.

The SEC's motion to file a late opposition, filed on May 16, 2014, is granted.

All other pending motions are denied.

**AFFIRMED.**

12-56753